## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CHARLES NU AUSAR-EL** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. **PJM 12-0082** |
| | * | |
| **BARCLAY BANK DELAWARE, et al.** | * | |
| | * | |
| Defendants. | * | |
| | * | |

## MEMORANDUM OPINION

*Pro Se* Plaintiff Charles Nu Ausar-El has sued Defendants American Express, HSBC Bank, and Barclay Bank Delaware ("Barclays"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* American Express and HSBC have already been dismissed from the case, leaving Barclays as the sole remaining Defendant. On February 8, 2012, Barclays filed a Motion to Dismiss for Failure to State a Claim, or in the Alternative, for a More Definite Statement [Paper No. 17]. Ausar-El filed an Opposition and his own Motion for Summary Judgment [Paper No. 19] a week later. For the following reasons, the Court **DENIES** Ausar-El's Motion for Summary Judgment and **GRANTS** Barclays's Motion to Dismiss as to Count I, II, III, and IV, as well as his claim under § 1681s-2(a) in Count V. With respect to his remaining claim under § 1681s-2(b) in Count V, the Court **DEFERS** the Motion to Dismiss and instead **GRANTS** Barclay's Motion for a More Definite Statement.

## I.

Although the Complaint does not provide much in the way of factual detail, the Court has pieced together the following from the various documents filed in the case:

Ausar-El claims that on April 21, 2009, his credit cards and driver's license were stolen while he was on the campus of the University of Alabama at Birmingham.  He filed a police report with campus police and contacted the credit card companies to inform them that his cards had been stolen.  According to Ausar-El, thereafter there was unauthorized activity on the stolen cards, including withdrawal of cash from an ATM machine.  Ausar-El claims he was told by the credit card companies not to worry about the charges, but apparently they sometime later changed their position.  Ausar-El maintains that he does not have to pay the allegedly fraudulent charges.

He alleges that, in consequence, Barclays made false representations about the character, amount, and legal status of his alleged debt; continued collection activities despite knowing that the disputed debt had not been validated and verified; made false and misleading representations in connection with the collection of the alleged debt; reported incorrect information to the credit bureaus; and was responsible for furnishing correct and accurate information to consumer reporting agencies.

## II.

In evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff . . . ."  *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).  But the court need not accept as true "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement."  *Id*.  There must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The complaint must contain sufficient well-pled facts to "state a claim to relief that is plausible on its

face." *Twombly*, 550 U.S. at 570.  The factual allegations must "permit the court to infer more

than the mere possibility of misconduct." *Iqbal,* 129 S. Ct. at 1950.  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S.

at 556).

A plaintiff proceeding *pro se* is held to a "'less stringent'" standard than is a lawyer, and

the court must construe his claims liberally, no matter how "'inartfully pleaded.'"  *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Nonetheless, even a *pro se* plaintiff is not exempt from the requirement that his complaint

contain more than mere "'labels and conclusions'" or "'a formulaic recitation of the elements of

[a] cause of action.'"  *Walden v. Allstate Ins. Co.*, 388 F. App'x 223, 224 (3d Cir. 2010) (quoting

*Twombly*, 550 U.S. 555).

### III.

### A.

Ausar-El has no claim under the FDCPA against Barclays.  Congress enacted the FDCPA

"to eliminate abusive debt collection practices by debt collectors," 15 U.S.C. §1692(e), and the

statute defines the term "debt collector" as any person "who regularly collects or attempts to

collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* §

1692a(6).  The FDCPA explicitly excludes from that definition persons collecting or attempting

to collect debts which they "originated." *Id.* § 1692a(6)(F).  It follows, as numerous courts have

held, that creditors collecting their own debts are not "debt collectors" for the purposes of the

FDCPA. *See Givens v. CitiMortgage, Inc.*, No. PJM 10–1249, 2011 WL 806463, *2 (D. Md.

Feb. 28, 2011) ("[T]he FDCPA expressly exempts creditors and mortgagees from its definition

3

of a debt collector."); *Scott v. Wells Fargo Home Mortg. Inc.*, 326 F. Supp. 2d 709, 717 (E.D.

Va. 2003) ("[C]reditors are not liable under the FDCPA."); *Stafford v. Cross Country Bank*, 262

F. Supp. 2d 776, 794 (W.D. Ky. 2003) ("[A] creditor is not a debt collector for the purposes of

the FDCPA and creditors are not subject to the FDCPA when collecting their accounts.").  Here,

it is uncontroverted that Barclays is a creditor seeking to collect debts Ausar-El allegedly owes,

hence is not subject to the FDCPA.  Accordingly, the Court **GRANTS** Barclays's Motion to

Dismiss as to Counts I, II, III, and IV.

### B.

        In Count V, Ausar-El alleges that Barclays violated 15 U.S.C. § 1681s-2 by failing to

provide correct and accurate information to consumer reporting agencies.[1]  With respect to §

1681s-2(a), however, he fails to state a claim upon which relief can be granted because there is

no private right of action to enforce its prohibition on knowingly furnishing inaccurate

information to a consumer reporting agency.  *See Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28,

34 (3rd Cir. 2011); *Willard v. Kunda*, No. JFM-10-326, 2010 WL 4365569, *1 n.1 (D. Md. Nov.

3, 2010).  FCRA makes clear that federal and state authorities have exclusive enforcement

powers over § 1681s-2(a).  *See* 15 U.S.C. § 1681s-2(c), (d); *Beattie v. Nations Credit Fin. Servs.

Corp.*, 69 F. App'x 585, 589, 591 (4th Cir. 2003) (noting that FCRA expressly reserves

enforcement to federal and state agencies).  The Court therefore **GRANTS** Barclays's Motion to

Dismiss as to §1681s-2(a) in Count V.

        As to § 1681s-2(b), on the other hand, courts have recognized a private cause of action.

*See Markovskaya v. Am. Home Mortg. Servicing, Inc.*, No. CV 11-108, 2012 WL 2161027, at *4

(E.D.N.Y. June 6, 2012); *Krajewski v. Am. Honda Fin. Corp.*, 557 F. Supp. 2d 596, 609 (E.D.

---

[1] "Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007) (citations omitted).

Pa. 2008); *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d 492, 509 (D. Md. 2004).

Section 1681s-2(b) outlines the duties a furnisher of information has when given notice of a

dispute concerning inaccurately reported information. 15 U.S.C. § 1681s-2(b)(1).  Furnishers of

information typically are "'credit card issuers, auto dealers, department and grocery stores,

lenders, utilities, insurers, collection agencies, and government agencies.'" *Chiang v. Verizon*

*New England Inc.*, 595 F.3d 26, 35 n.7 (1st Cir. 2010) (quoting H.R. Rep. No. 108-263, at 24

(2003)).  Under § 1681s-2(b), a furnisher, such as Barclays, is only required to investigate

information it has provided if a consumer reporting agency notifies it that a consumer has

contacted the agency and disputed the furnished information.  *See Edwards v. Equable Ascent,*

*FNCL, LLC*, No. 11–cv–2638 (CCC), 2012 WL 1340123, at *5 (D.N.J. Apr. 16, 2012);

*Krajewski*, 557 F. Supp. 2d at 609; *Leet v. Cellco P'ship*, 480 F. Supp. 422, 428 (D. Mass. 2007).

Thus, to bring a claim under § 1681s-2(b), a plaintiff must establish three elements: (1) that he or

she notified the consumer reporting agency of the disputed information, (2) that the consumer

reporting agency notified the defendant furnisher of the dispute, and (3) that the furnisher then

failed to investigate and modify the inaccurate information.  *Edwards*, 2012 WL 1340123, at *5

(citations omitted); *see also Markovskaya*, 2012 WL 2161027, at *4; *Mazza v. Verizon*

*Washington DC, Inc.*, No. 11-719 (EGS), 2012 WL 1058214 (D.D.C. Mar. 29, 2012).

Here, Ausar-El does not allege that any consumer reporting agency notified Barclays of

the existence of a dispute or that Barclays subsequently failed to investigate the dispute.  As the

Complaint stands, in other words, Ausar-El has not alleged facts sufficient to show that he is

entitled to proceed under § 1681s-2(b).  He may yet be able to do so.  Accordingly, the Court

will give him a final opportunity to correct the deficiencies.[2]  The Court will **DEFER** ruling on

Barclays's Motion to Dismiss his § 1681s-2(b) claim in Count V and **GRANT** its Motion for a

More Definite Statement as that claim.

## IV.

For the foregoing reasons, the Court **DENIES** Ausar-El's Motion for Summary Judgment

[Paper No. 19] and **GRANTS** Barclays's Motion to Dismiss [Paper No. 17] Counts I, II, III, and

IV.  With respect to Count V, the Court **GRANTS** Barclays's Motion as to Ausar-El's claim

under § 1681s-2(a) and **DEFERS** the Motion as to his claim under § 1681s-2(b).  The Court

**GRANTS** Barclays's Motion for a More Definite Statement solely as to the § 1681s-2(b) claim

in Count V; in all other respects its Motion is **MOOT**.  Ausar-El **SHALL** have **20 DAYS** to file

an Amended Complaint to state a viable claim under § 1681s-2(b).

**/s/**
_____

**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**July 31, 2012**

---

[2] It would not suffice for Ausar-El to have notified Barclays himself; the notice must instead have come from the consumer reporting agency. *See Markovskaya*, 2012 WL 2161027, at *4; *Allen v. CitiMortgage, Inc.*, No. CCB-10-2740, 2011 WL 3425665, at *10 (D. Md. Aug. 4, 2011).