## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CHALRES NU AUSAR-EL** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. **PJM 12-082** |
| | * | |
| **BARCLAY BANK DELAWARE, et al.** | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Plaintiff Charles Nu Ausar-El, proceeding without a lawyer, initially filed suit against multiple defendants, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.,* and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* All Defendants other than Barclay Bank Delaware ("Barclays") are no longer in the case.[1]  Barclays filed a Motion to Dismiss on various grounds.  In its July 31 Opinion (Dkt. 22), the Court granted Barclays' Motion as to all counts except Count V, which contained Ausar-El's claim under § 1681s-2(b) of the FCRA that Barclays failed to correct a debt on Ausar-El's account.  As to this claim, the Court deferred ruling on the Motion to Dismiss and instead granted Barclays' Motion for a More Definite Statement, directing Ausar-El to file an Amended Complaint, laying out the elements necessary for a viable §1681s-2(b) claim.

Ausar-El has now filed what he titles "Affidavit of Fact in Support of Application For Relief From Order."  The Affidavit purports to seek relief under Fed. Rule of Civ. Proc. 60. Barclays opposes Ausar-El's request for Rule 60 relief and renews its Motion to Dismiss under Fed. Rule of Civ. Proc. 12(b)(6).

---

[1] Defendant HSBC Bank was dismissed by stipulation and Defendant American Express was dismissed voluntarily.

1

The Court finds Ausar-El has failed to make a showing that he is entitled to any relief under Rule 60 and will deny his "Affidavit" insofar as it seeks relief under Rule 60.  The Court will also **GRANT** the remainder of Barclays' Motion to Dismiss, i.e., as to the FCRA claim in Count V.

## I.

In evaluating a Rule 12(b)(6) motion to dismiss, the "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff . . . ." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). However, the Court need not accept as true "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Id.*  There must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The factual allegations must state a claim for relief that is plausible, meaning they must "permit the court to infer more than the mere possibility of misconduct." *Iqbal,* 129 S. Ct. at 1950.

Though a plaintiff proceeding without a lawyer is held to a less stringent standard than a plaintiff with a lawyer, no plaintiff is exempt from the requirement that a complaint contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of [a] cause of action."  *Twombly*, 550 U.S. at 555; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The sole cause of action that the Court allowed Ausar-El to plead more definitely was an alleged violation of 15 U.S.C. §1681s-2(b).[2]  Courts have held that this section gives a private right of action when a furnisher of information (such as a credit card issuer, lender, utility, or so forth) has notice from a consumer reporting agency of a dispute concerning inaccurately reported

---

[2] *See* July 31, 2012 Opinion (Dkt. 22) for further discussion.

information and fails to investigate the information.  *See, e.g., Chiang v. Verizon New England Inc.,* 595 F.3d 26, 35 n.7 (1st Cir. 2010); *Akalwadi v. Risk Mgmt. Alternatives, Inc.,* 336 F. Supp. 2d 492, 509 (D. Md. 2004).  The furnisher is only required to investigate if a consumer reporting agency notifies it that a consumer has contacted the agency and disputed furnished information. *See, e.g., Edwards v. Equable Ascent, FNCL, LLC,* No. 11-cv-2638 (CCC), 2012 WL 1340123, at *5 (D.N.J. Apr. 16, 2012).  As the Court explained in its prior opinion, a plaintiff bringing a claim under §1681s-2(b) must establish that: (1) he or she notified the consumer reporting agency of the disputed information; (2) the consumer reporting agency notified the defendant furnisher of the dispute; and (3) the furnisher then failed to investigate and modify the inaccurate information.

## II.

Though neither the original Complaint nor the Affidavit is a model of clarity, the Court pieces together from these and other filings the following facts alleged: In April 2009, Ausar-El's credit cards were stolen.  Thereafter, unauthorized activity on the cards resulted in certain charges against them.  At least one charge, on a Barclays account, apparently remains.  Ausar-El asserts in his Amended Complaint that he has filed many disputes with consumer reporting agencies over the past several years, including in August 2010, regarding the Barclays' information.  Ausar-El asserts that instead of responding to him regarding the allegedly improperly furnished information, Barclays just "charged off" the debt.  In support of his pleading, Ausar-El provides certain computer print-out pages indicating that as to a Barclays account, there was a dispute in August 2010, some part of the account was written off and some remained due, and the account was closed at the credit grantor's request.  Ausar-El also provides an Equifax "Online Dispute Check Status," presumably from August 2012, that indicates that

over the preceding year, six disputes were lodged, starting in February 2012.  These documents do not bear Ausar-El's name and are missing pages.  Ausar-El also provides an August 27, 2012 Equifax notice, sent to a Charles Ausar-El at an address different from the one on record with the Court, a notice that references a reinvestigation into a Barclays account and reports that the creditor verified to Equifax that the balance was reported correctly.

The Court granted Barclay's Motion for a More Definite Statement regarding Ausar-El's §1681s-2(b) claim because Ausar-El's initial complaint failed to allege that any consumer reporting agency had notified Barclays of the existence of a dispute or that Barclays subsequently failed to investigate the dispute.

Ausar-El's Affidavit does not supply this omission.  First, there is no assertion that a credit reporting agency contacted Barclays during the relevant time period.  While the Court could draw a reasonable inference from Ausar-El's documents that in summer of 2012, Equifax contacted Barclays about a dispute, this was months after the Complaint was filed.

Even more lacking are any allegations regarding Barclay's failure to investigate.  Ausar-El provides nothing more than the "unadorned, the-defendant-unlawfully-harmed-me" accusations that *Iqbal* and *Twombly* reject.  Ausar-El's conclusory recitation that, "[i]t is clear from the evidence and this record that the Defendant ' failed to investigate and modify the inaccurate information' as required by Law," is devoid of any factual enhancement and is precisely the type of bare assertion that cannot survive a motion to dismiss. The only evidence Ausar-El provides with regards to any of Barclays' actions is that in August 2012, Barclays apparently responded to a dispute regarding information.  This does not support Ausar-El's claim.

**III.**

4

For the foregoing reasons, the Court **DENIES** Ausar-El's Request for Rule 60 Relief and

**GRANTS** Barclays' Motion to Dismiss the remaining § 1681s-2(b) claim in Count V.

A separate order shall **ISSUE.**


_____   **/s/**   _____

**PETER J. MESSITTE**
**November 20, 2012**                     **UNITED STATES DISTRICT JUDGE**